UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULA KOTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POSITIVE INVESTMENTS INCORPORATED, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-3618-DAD-JDP (PS)<br><br>ORDER |

　　　　Plaintiff, proceeding without counsel, brings this action against the current and former owners and managers of her apartment complex, alleging antitrust violations under the Clayton and Sherman Acts. Her complaint, however, fails to state a claim. I will give plaintiff a chance to amend her complaint before recommending dismissal. I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

　　　　A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

According to the complaint, plaintiff is a resident of the Continental Terrace Apartments, which was previously owned or managed by defendants Lewiston LLC, Positive Investments Inc., and San Diego Sunrise Management. ECF No. 1 at 8-9. In October 2021, these defendants started requiring residents to enter into new lease agreements that obligated tenants to maintain renter's insurance. *Id.* The complex partnered with defendant Assurant, Inc., a renter's insurance compliance company, to assist with ensuring tenants maintained the required insurance. After implementing the insurance requirement, defendants started imposing "junk fees," which presumably were assessed to residents who did not maintain renter's insurance. *Id.*

Plaintiff appears to allege that she was deceived into signing the new lease agreement because she was not provided a copy of the contract's addendum, which included the mandatory

2

renter's insurance provision. *Id.* at 8. She also claims that the new renter's insurance provision resulted in rent disparity between existing and new residents, with the latter paying significantly more rent. *Id.* The complaint alleges claims for antitrust violations under the Sherman and Clayton Acts. *Id.* at 6.

The Clayton Act allows an individual to file suit under antitrust laws if he has been "injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. More specifically, it creates private right of action to enforce the Sherman Act, 15 U.S.C. §§ 1-2; *see Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 987 (9th Cir. 2000). To bring an antitrust claim, private individuals must "demonstrate antitrust injury, which is "(1) injury of the type the antitrust laws were intended to prevent that also (2) flows from that which makes defendants' acts unlawful." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 922 (9th Cir. 2015) (quotations omitted). An "injury, although causally related to an antitrust violation, nevertheless will not qualify as 'antitrust injury' unless it is attributable to an anticompetitive aspect of the practice under scrutiny . . . ." *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990); *see Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995) ("If the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se.").

Plaintiff's allegations fail to demonstrate that defendants engaged in anticompetitive practices or other conduct proscribed by antitrust laws. At most, plaintiff alleges that she was improperly induced into signing a new lease agreement and assessed "junk fees" for not complying with the agreement's mandatory insurance provision. Thus, she does not adequately allege an antitrust injury and fails to state claims for violations of the Sherman and Clayton Acts.

Accordingly, the complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended

complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   February 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4