1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ULA KOTO,                                Case No.  2:24-cv-3618-DAD-JDP (PS)

12                    Plaintiff,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14    POSITIVE INVESTMENTS
      CORPORATION, *et al.*,
15
                      Defendants.
16

17         Ula Koto ("plaintiff") brings this action against defendants Positive Investment

18   Corporations, Lewiston LLC, Assurant Incorporation, and San Diego Sunrise Property

19   Management and alleges that these entities violated antitrust laws.  ECF No. 4 at 2-4.  She alleges

20   that the defendants violated her rights by requiring her (and other tenants) to maintain renter's

21   insurance.  *Id.* at 5.  As I stated in my previous screening order, these allegations do not, taken as

22   true, give rise to any antitrust violation.  As plaintiff maintains no other basis for federal

23   jurisdiction, I recommend that this action be dismissed.

24                     **Screening and Pleading Requirements**

25         A federal court must screen the complaint of any claimant seeking permission to proceed

26   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

27   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

28

                                          1

1   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2   relief.  *Id.*

3          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                                **Analysis**

21         As in her previous complaint, plaintiff alleges that defendants violated the Clayton Act in

22  requiring her to maintain renter's insurance despite her low-income status.  ECF No. 4 at 9-11.  In

23  my previous screening order, I informed plaintiff that the Clayton Act allows an individual to file

24  suit under antitrust laws if she has been "injured in his business or property by reason of anything

25  forbidden in the antitrust laws."  15 U.S.C. § 15.  More specifically, it creates a private right of

26  action to enforce the Sherman Act, 15 U.S.C. §§ 1-2; *see Knevelbaard Dairies v. Kraft Foods*,

27  *Inc.*, 232 F.3d 979, 987 (9th Cir. 2000).  To bring an antitrust claim, private individuals must

28  "demonstrate antitrust injury, which is (1) 'injury of the type the antitrust laws were intended to

                                                    2

prevent that also (2) flows from that which makes defendants' acts unlawful.'" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 922 (9th Cir. 2015) (quotations omitted). An "injury, although causally related to an antitrust violation, nevertheless will not qualify as 'antitrust injury' unless it is attributable to an anticompetitive aspect of the practice under scrutiny . . . ." *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990); *see Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.F3d 1421, 1433 (9th Cir. 1995) ("If the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se."). Here, the requirement that plaintiff purchase rental insurance, even if onerous or unfair to her personally, does not implicate any injury to competition. There is, for instance, no allegation that plaintiff is a participant in any market that the defendants have made less competitive. *See Bhan v. NME Hospitals, Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985) ("The requirement that the alleged injury be related to anti-competitive behavior requires, as a corollary, that the injured party be a participant in the same market as the alleged malefactors.").

Thus, plaintiff's amended complaint contains the same deficiency I found in her first. I am forced to conclude that further opportunities to amend are futile and unwarranted. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is RECOMMENDED that:

1. Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: ___May 5, 2025___                                    _____
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE

4